UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                   Plaintiff,

        – *against* –

ERIC MALLEY,

                   Defendant.

**OPINION & ORDER**

21 Cr. 215 (ER)

RAMOS, D.J.:

Before this Court are the Government's motion for the entry of a preliminary order of forfeiture as to substitute assets, Doc. 49, and Eric Malley's cross-motion for a stay of the proceedings, Doc. 57. For the reasons discussed below, the Government's motion is GRANTED, and Malley's cross-motion is DENIED.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2021, Malley was charged in a two-count Information with securities fraud under 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.l0b-5, and 18 U.S.C. § 2 (Count One) and wire fraud under 18 U.S.C. §§ 1343 and 2 (Count Two). Doc. 13. The Information included forfeiture allegations as to Counts One and Two, seeking forfeiture to the Government of all property that constitutes or is derived from proceeds traceable to the commission of those offenses. *Id.* ¶ 11.

On May 20, 2021, Malley pled guilty to Count One of the Information. Doc. 29 at Tr. 22:9–11, 23:5–8. On July 19, 2021, the Court entered a consent preliminary order of forfeiture and money judgment, imposing a money judgment against Malley in the amount of $5,625,747.45, which represented the proceeds traceable to the offense that Malley personally obtained and money received in connection with Malley's applications

in April 2020 for Paycheck Protection Program and Economic Injury Disaster Program Loans.  Doc. 31.  The Government alleges that, to date, the entire money judgment remains unpaid.

As a result of Malley's acts and omissions,[1] the Government has been unable to locate or obtain the remaining proceeds of the offense.  The Government has located a property in which Malley has an ownership interest:  119 Proprietors Crossing, New Canaan, Connecticut 06840 recorded as Block 140 Lot 67, in Fairfield County, City of New Canaan, State of Connecticut.  On February 15, 2022, the Government moved to forfeit Malley's right, title, and interest in the property and to have it, once forfeited, applied as payment towards Malley's money judgment.  Doc. 49.  On April 13, 2022, Malley opposed the Government's motion, and moved for a stay of the proceedings. Doc. 57.  In light of defense counsel's representation that he had not had the opportunity to meet with Malley in order to adequately and fully respond to the Government's motion, Doc. 61 ¶ 5, the Court directed Malley to supplement his reply no later than June 27, 2022.  Doc. 62.  By letter dated June 27, 2022, defense counsel advised the Court that he had a telephone conference with Malley and did not have any further information. Doc. 67.

## II.     FORFEITURE

Title 21 U.S.C. § 853(p) states that, if "as a result of any act or omission of the defendant," any property subject to criminal forfeiture cannot be located upon the exercise of due diligence, the "court shall order the forfeiture of any other property of the defendant, up to the value of any property . . . ."  In addition, Federal Rule of Criminal

---

[1] The Government does not specify the acts or omissions engaged in by Malley.

Procedure 32.2(e)(1) provides that "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute."  Thus, "[i]f the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:  (A) enter an order forfeiting that property . . . and (B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c)."  Fed. R. Crim. P. 32.2(e)(2).

The Government argues that as a result of Malley's actions or omissions, it is unable to locate or obtain the specific proceeds of his offenses, despite exercising due diligence, thus requiring the Court to order the forfeiture of the substitute asset to partially satisfy the money judgment.  The Government further notes that any persons with a purported interest in the property will have an opportunity to challenge its claim.  Specifically, pursuant to 21 U.S.C. § 853(n), following the entry of an order of forfeiture, the Government must publish notice of the order and its intent to dispose of the property and may also provide direct written notice to any persons known to have an alleged interest.  21 U.S.C. § 853(n)(1).  Any persons with an alleged interest in the forfeited property may, within 30 days of the final publication of notice or receipt of notice, petition the Court for a hearing to determine the validity of their claims.  21 U.S.C. § 853(n)(2).  Following the Court's disposition of all petitions filed or if no such petitions are filed, "a final order will be entered forfeiting the substitute property to the United States."  *United States v. Christie*, 249 F. Supp. 3d 739, 743 (S.D.N.Y. 2017); *see also* 21 U.S.C. § 853(n)(7).

In opposition, Malley argues that the Court should deny the Government's motion and stay the instant proceedings or, in the alternative, defer ruling on the motion for two reasons: (1) there would be insufficient equity in the property after payment of outstanding mortgages, tax advances, interest, and other fees and costs; and (2) the Government's motion is premature, because the Government has not notified parties who may have an interest in the property. In support of his arguments, Malley submits a report performed by a title search company indicating that title to the property is in the name of Chernyy Biakal LLC as well as the existence of mortgages and mechanic's liens. Doc. 57-1.[2] He also provides a list of parties that have an alleged interest in the property, including his teenage children who are tenants in possession. Doc. 57 at 3.

*First*, "[t]he court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of [Malley's] actions or omissions, the Government is unable to locate or obtain the specific proceeds of [his] offenses." *Christie*, 249 F. Supp. 3d at 742 (citation omitted). "The Government must [ ] show its entitlement to forfeiture of substitute property on a standard of preponderance of the evidence." *Id.* at 743 (collecting cases). Here, the Government has met its burden under Section 853(p)(1)(A), because it could not locate Malley's assets to satisfy the forfeiture order upon the exercise of due diligence.[3] "Under Section 853(p)(1)(A), the Government may satisfy its due diligence requirement through an agent's affidavit explaining the investigation and efforts made to locate the directly forfeitable property." *Id.* at 745 (collecting cases). John

---

[2] Defense counsel stated that there is no information as to the members or managers of Chernyy Biakal LLC. Doc. 57 ¶ 5(a).

[3] Malley does not provide any supporting case law for his argument that the Government, in its motion for a preliminary order, must "pray for relief, show how property may be looted or wasted or how [it] would be immediately and irreparably damaged without such relief." Doc. 61 ¶ 3; *see also* Doc. 57 ¶ 3.

Calabria, a Deputy United States Marshal with the United States Marshals Service,

submitted a declaration in support of the Government's motion, setting forth that since

the date of the entry of the Order of Forfeiture, despite the exercise of due diligence in

investigating Malley's assets, the Government has been unable to locate any proceeds of

Malley's offense.  Doc. 56 ¶ 10.[4]  Calabria conducted searches utilizing the CLEAR law

enforcement database in order to locate Malley's assets, which yielded negative results

except for the property subject to the instant motion.  *Id.* ¶ 12.[5]  Accordingly, the

requirement under Section 853(p) to seek the forfeiture of substitute assets has been met.

*See Christie*, 249 F. Supp. 3d at 745 (finding that use of customary law enforcement

techniques and resources to locate the defendant's assets satisfies the "modest showing"

required by the substitute asset statutes).  Contrary to Malley's assertions, the sufficiency

of equity in a substitute asset is not relevant to determining whether the asset may be

forfeited, nor does he point to any supporting case law stating as such.  *See United States

v. Peterson*, 820 F. Supp. 2d 576, 584 (S.D.N.Y. 2011) (finding that equity in properties

constitutes substitute assets, which are forfeitable to the extent that they were "property

of the defendant" (citations omitted)), *aff'd sub nom. United States v. Crew*, 537 F. App'x

3 (2d Cir. 2013).

   *Second*, Malley's argument that the Court should deny, or defer ruling on, the

Government's motion because third parties have an alleged interest in the property fails.

Malley lacks standing to object to the forfeiture on the basis of third-party interests.  *See*

---

[4] Malley argues that the Government has failed to demonstrate that it was unable to locate or obtain the remaining proceeds of Malley's offense because he has already relinquished tens of millions of dollars of "direct assets."  Doc. 61 ¶ 2.  Without more, this argument fails.

[5] While Malley argues that the Government has failed to prove that he has title of the asset, he does not dispute that he has an interest therein.  Doc. 61 ¶ 4; *see also* Doc. 57 ¶ 6.

*United States v. Weitzman*, 963 F. Supp. 2d 218, 221 (S.D.N.Y. 2013).  Moreover, as set forth above, to the extent that any third parties have an interest in the property, they will have an opportunity to challenge the Government's claim during the ancillary hearings following the entry of the preliminary order of forfeiture.  *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c), (e)(2)(B); *Christie*, 249 F. Supp. 3d at 742–43; *see also United States v. Egan*, 654 F. App'x 520, 521 (2d Cir. 2016) ("Only '*following the entry of an order of forfeiture*' may third parties assert in an ancillary proceeding any legal interests they may possess.") (emphasis in original).

The Government has not presented evidence as to the present value of the property and therefore has not shown that this amount is less than the money judgment imposed against Malley.  Thus, the Government's motion is granted on the condition that any funds in excess of the money judgment be returned to Malley.  *See Christie*, 249 F. Supp. 3d at 748.

## III.   CONCLUSION

For the reasons set forth above, the Government's motion is GRANTED, and Malley's cross-motion is DENIED.  The Clerk of the Court is respectfully directed to terminate the motions, Docs. 49 and 57.

It is SO ORDERED.

Dated:   July 15, 2022
         New York, New York

_____
                    EDGARDO RAMOS, U.S.D.J.