UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA           :    **FINAL ORDER OF**
                                   :    **FORFEITURE**
           -v.-                    :
                                   :    21 Cr. 215 (ER)
ERIC MALLEY,                       :
                                   :
           Defendant.              :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    WHEREAS, on or about July 18, 2022, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (D.E. 69) (the "Preliminary Order of Forfeiture"), which ordered the forfeiture to the United States of all right, title and interest of ERIC MALLEY (the "Defendant") in the following property:

    a) 119 Proprietors Crossing, New Canaan, Connecticut 06840 recorded as Block 140 Lot 67, in Fairfield County, City of New Canaan, State of Connecticut;

(the "Substitute Asset");

    WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

    WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on August 11, 2022, for thirty (30) consecutive days, through September 9, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 19, 2023 (D.E. 75);

WHEREAS, on or about July 20, 2022, notice of the Preliminary Order of Forfeiture was sent by certified mail to:

    a) Chernyy Biakal, LLC c/o
       Blumberg Excelsior Corporate Services, Inc.
       1013 Centre Road, Suite 403s
       Wilmington, DE 19805

    b) Cooper James Malley
       New Canaan, CT 06840-2047

    c) Cooper James Malley
       New York, NY 10011-6871

    d) Grace O. Malley
       New Canaan, CT 06840-2047

WHEREAS, on or about August 9, 2022, notice of the Preliminary Order of Forfeiture was sent by certified mail to:

    e) Paul M. Krieger, Esq. c/o
       Attorney for Bahram Jahanbakhsh
       500 Fifth Avenue, 34th Floor
       New York, NY 10110

WHEREAS, on or about September 29, 2022, notice of the Preliminary Order of Forfeiture was sent by certified mail to:

    f) Absolute Value Management Corps
       1111 E. Putnam Avenue, Suite 300
       Riverside, CT 06878

    g) New England Tree Movers, LLC
       7 Walnut Hill Road
       Bethel, CT 06801

WHEREAS, on or about September 29, 2022, notice of the Preliminary Order of Forfeiture was sent by electronic mail to:

    h) Jessica Braus Esq. c/o Raymond Minella;

(a. through h., collectively, the "Noticed Parties");

WHEREAS, on or about October 17, 2022, Wilmington Savings Funds Society ("Wilmington") advised the Government of its interest in the Substitute Asset;

WHEREAS, on or about October 28, 2021, Absolute Value Management Corps ("AVM") filed a petition asserting an interest in the Substitute Asset (D.E. 70);

WHEREAS, on or about January 10, 2023, the Court entered a Stipulation and Order resolving AVM's interest in the Substitute Asset wherein the Government agreed to satisfy AVM's interest from the net sale proceeds of the Substitute Asset (D.E. 73);

WHEREAS, on or about January 11, 2023, the Court entered a Stipulation and Order (D.E. 74) resolving Wilmington's interest in the Substitute Asset. wherein the Government agreed to satisfy Wilmington's interest from the net sale proceeds of the Substitute Asset (D.E. 74);

WHEREAS, the Defendant, the Noticed Parties are the only individuals and/or entities known by the government to have a potential interest the Substitute Asset, and no other claims have been filed; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Asset is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Asset.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       January 20, 2023

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE