UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

– *against* –

ERIC MALLEY,

                    Defendant.

**ORDER**

21-cr-00215 (ER)

Ramos, D.J.:

      On December 2, 2021, Eric Malley was sentenced to 60 months' imprisonment after pleading guilty to securities fraud. His guideline range at the time of sentencing was 97 to 121 months. On January 16, 2024, Malley moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. Doc. 83. The motion is denied.

      Section 3582(c)(2) allows a court, after considering the § 3553(a) factors, to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement, however, provides that a sentence reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 821 went into effect on November 1, 2023, and applies retroactively. As relevant here, the amendment provides a decrease of two offense levels for defendants who have no criminal history points ("zero-point" offenders) and whose offense did not involve specific aggravating factors. U.S.S.G. § 4C1.1. One such aggravating factor is that the defendant personally caused substantial financial hardship through the offense. U.S.S.G. § 4C1.1(a)(6).

The Court finds that Malley is not eligible for a sentence reduction. As the supplemental presentence report filed by the Probation Office indicates, Malley is not eligible for the zero-point offender reduction because he personally caused substantial financial hardship to his victims through his offense, Doc. 87 at 2, as he stipulated in his plea agreement. *See* Doc. 42 at 14. Moreover, the Court included the fact that Malley caused such hardship when it calculated his total offense level during his sentencing. Doc. 47 at 4:4–4:5. Because Malley is ineligible for the zero-point offender reduction, Amendment 821 "does not have the effect of lowering [Malley's] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).[1]

Accordingly, Malley's motion for a sentence reduction is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 83.

SO ORDERED.

Dated:   September 16, 2024
         New York, New York

                                                            _____
                                                            Edgardo Ramos, U.S.D.J.

---

[1] Malley was assigned counsel pursuant to the Criminal Justice Act ("CJA") on February 29, 2024. Doc. 89. His CJA counsel argues that this motion should be held in abeyance until Malley files a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Doc. 93 at 1. While Malley is not prohibited from filing a motion for compassionate release, the arguments he raises concern the application of Amendment 821, which are properly considered pursuant to 18 U.S.C. § 3582(c)(2).